BLD-033                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2897
_____

IN RE: CHARLES BELLON,
                                                          Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Civ. Nos. 3-15-cv-00131 & 3-22-cv-00044)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 14, 2024
Before:  SHWARTZ, MATEY, and CHUNG, Circuit Judges

(Opinion filed: December 3, 2024)
_____

OPINION[*]
_____

**PER CURIAM**

Charles Bellon has filed a petition for a writ of mandamus.  We will deny the

petition, but we note that there appears no impediment to the District Court's ability to

proceed.

I.

Bellon's petition is addressed to his two federal habeas cases.  He filed the first in

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

2015 challenging his 2006 convictions in the Pennsylvania Court of Common Pleas for Blair County. The District Court granted one of his habeas claims and ordered that a writ would issue unless the Blair County court imposed a new sentence of no more than 10 years on Bellon's convictions of possession with intent to deliver. On January 10, 2020, the Blair County court reduced the maximum sentence on those counts to 10 years, but it did not vacate its previous judgment or conduct a plenary resentencing.

Bellon later filed a motion in his 2015 habeas case to enforce the District Court's habeas judgment. He argued that (1) the habeas judgment required the Blair County court to formally vacate its judgment and conduct a plenary resentencing, and (2) the Blair County court's January 2020 sentencing order was otherwise illegal. The District Court denied the motion, and Bellon appealed.

We dismissed his appeal as moot because the Blair County court's January 2020 order already complied with the habeas judgment. See Bellon v. Superintendent Benner Twp. SCI, No. 21-2638, 2024 WL 138574, at *2 (3d Cir. Jan. 12, 2024). We noted that the habeas judgment did not require the Blair County court to vacate Bellon's sentence as he claimed. See id. At *2 n.1. We also noted that Bellon was required to raise any other challenges to the Blair County court's January 2020 order in a new habeas petition, which he had filed in 2022. See id. At *2 & n.2.

That 2022 petition instituted the second habeas case at issue here. But before addressing that case, we note further developments in Bellon's 2015 case. In the 2015 case, and about three weeks before we ruled in the appeal just discussed, Bellon filed a motion under Fed. R. Civ. P. 60(b) raising, inter alia, claims addressed to the Blair

2

County court's January 2020 sentencing order. The District Court denied it and declined to issue a certificate of appealability ("COA"). Bellon then filed a motion for a COA in the District Court (ECF No. 140), which has not yet ruled on it.

The next day, the Commonwealth of Pennsylvania filed a motion to stay Bellon's 2022 habeas case. The Commonwealth requested a stay on the grounds that (1) Bellon's 2015 case was still pending, and (2) Bellon had filed another petition under Pennsylvania's Post-Conviction Relief Act. On September 5, 2024, a Magistrate Judge granted that motion and stayed the 2022 case. (ECF No. 21.) He specified that he did so solely because Bellon's 2015 case remained pending and that he was not relying on Bellon's most recent PCRA petition.

That order prompted Bellon to file a motion in his 2015 case to withdraw his "appeal," by which he meant his COA motion. (ECF No. 141.) He argued that his COA motion should have resulted in an appeal. But he also asserted that he now wants to withdraw the appeal so he can proceed in his 2022 case, which we previously advised is indeed the proper way for him to pursue claims addressed to the Blair County court's January 2020 sentencing order.

## II.

Bellon now has filed a mandamus petition seeking orders that would allow him to proceed with his 2022 case. Specifically, he asks us to (1) direct the District Court to rule on his motion to withdraw his "appeal" (i.e., his COA motion) in his 2015 case, and (2) vacate the Magistrate Judge's stay order in his 2022 case.

3

We deny both requests. As to the 2015 case, Bellon's motion to withdraw his appeal/COA motion has been pending only since September 13, so the lack of ruling is not yet "tantamount to a failure to exercise jurisdiction" as he claims. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). And because the 2015 case is still pending, the Magistrate Judge's decision to stay the 2022 case is not a "clear abuse of discretion" that might warrant mandamus relief. In re Wilson, 451 F.3d 161, 169 (3d Cir. 2006) (quotation marks omitted); see also In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982) ("explaining that "matters of docket control . . . are committed to the sound discretion of the district court"). Moreover, as we previously advised Bellon, any challenge to the actions of a Magistrate Judge who is not acting on the parties' consent should be brought first in the District Court. See In re Bellon, No. 21-2638, 2021 WL 5632075, at *2 n.2 (3d Cir. Dec. 1, 2021) (per curiam) (citing Cole v. U.S. Dist. Ct., 366 F.3d 813, 817-18 (9th Cir. 2004)).

Thus, we will deny the petition. But we note our agreement with Bellon on one point. Bellon argues that his COA motion at ECF No. 140 in his 2015 case should be construed as a notice of appeal because the District Court already had denied a COA. We agree, see 3d Cir. L.A.R. 3.4 (2011), and we note that the motion has not yet been sent to our court for the docketing of an appeal. Bellon, however, later filed his motion at ECF No. 141 to withdraw his appeal/COA motion. In his motion to withdraw, he asserts unequivocally that he wants to forgo an appeal in his 2015 case in order to proceed with his 2022 case. Thus, because Bellon's COA motion has not yet resulted in the docketing of an appeal in our court, the District Court can treat Bellon's motion to withdraw his

4

appeal/COA motion as a motion to voluntarily dismiss the appeal in that court under Fed. R. App. P. 42(a).[1] And if the motion is granted, the 2015 case will be concluded and will no longer provide a basis to stay the 2022 case. We trust that the District Court and Magistrate Judge will address these issues in due course.

III.

For these reasons, we deny the mandamus petition. Bellon's motion to supplement the petition—which does not request any additional relief, and which does not otherwise explain how or why he wants to supplement his petition—is denied.

---

[1] Perhaps complicating matters is a motion that Bellon recently filed at ECF No. 144 in his 2015 habeas case. In that motion, and despite already having asked to withdraw his appeal/COA motion and having already filed this mandamus petition, Bellon asked the District Court to treat his appeal/COA motion as a notice of appeal and forward it to this Court. This recent filing, which the District Court can address, is another reason why we conclude that mandamus relief is not warranted at this time.